UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALTER JUNIO FERREIRA-DIAS, et al.,<br>Plaintiffs,<br>v.<br>MIGUEL CASTILLO, et al.,<br>Defendants. | Case No. 21-cv-00335-EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND**<br><br>Docket No. 47 |

Plaintiffs are Valter Junio Ferreira-Dias and his family. They have filed suit against two Richmond police officers, Sgt. Miguel Castillo and Sgt. Christopher Llamas, alleging that Mr. Ferreira-Dias's rights were violated when he was falsely arrested as a result of Defendants' actions. Currently pending before the Court is Plaintiffs' motion to amend. The parties have waived a hearing on the matter, and the Court agrees that no hearing is necessary. Having considered the parties' briefs and accompanying submissions, the Court hereby **GRANTS** Plaintiffs' motion.

### I.  FACTUAL & PROCEDURAL BACKGROUND

In their original complaint, Plaintiffs allege as follows. Mr. Ferreira-Dias was falsely arrested for robberies of two GameStop stores, one in Pleasant Hill and the other in Richmond. The robberies took place in January 2019. Witnesses to the robberies provided the police with almost identical license plate numbers for the getaway cars (only one digit was different). This led the police to believe that the robberies were committed by the same people.

When the Richmond police ran the license plate number taken down in conjunction with the first robbery, they found that the registered owner of the license plate was Brandon Villa-

1  Nova.  Defendants subsequently visited Mr. Villa-Nova and learned that he had reported the

2  license plate as stolen back several months earlier in November 2018.  Defendants showed Mr.

3  Villa-Nova an image of one of the suspects pulled from the Richmond GameStop's surveillance

4  footage.  Mr. Villa-Nova stated that the suspect looked like his mechanic – Mr. Ferreira-Dias – but

5  noted that he did not meet Mr. Ferreira-Dias until December 2018, *i.e.*, after the license plate had

6  already been stolen.  "Based solely on this non-witness identification of [Mr.] Villa-Nova's

7  mechanic, [Defendants] immediately focused their investigation exclusively on [Mr. Ferreira-

8  Dias]."  Compl. ¶ 44.

9        Evidence did not support Mr. Ferreira-Dias being the suspect.  For example, the physical

10  description of the suspect given by the witnesses did not match Mr. Ferreira-Dias's appearance

11  (*e.g.*, Mr. Ferreira-Dias was at least four inches shorter and was not heavy set).  In addition,

12  Defendants did not conduct an inadequate investigation.  They did not, for instance, interview Mr.

13  Ferreira-Dias.  Nor did Defendants present a photo lineup to the GameStop witnesses even though

14  the witnesses reported that they could identify the perpetrator(s).  And notably, the Pleasant Hill

15  police did do a photo lineup for the Pleasant Hill GameStop employees, and they did not identify

16  Mr. Ferreira-Dias.

17        Sgt. Castillo ultimately prepared an affidavit in support of an arrest and search warrant.  In

18  the affidavit, Sgt. Castillo made misrepresentations and omitted material facts.  For example, he

19  misrepresented that a witness had identified Mr. Ferreira-Dias specifically as the perpetrator.

20  Also, he omitted from the warrant application any explanation for why he did not conduct a photo

21  lineup using the Facebook photo that Mr. Villa-Nova had shown him.  (Sgt. Castillo claimed he

22  did not run a photo lineup with Mr. Ferreira-Dias's DMV photo on the basis that it was not up to

23  date – *e.g.*, Mr. Ferreira had gained weight, was not wearing glasses, and was clean shaven.)  The

24  warrants were issued and the police executed them on January 17, 2019.  Mr. Ferreira-Dias was

25  arrested at his shop in San Bruno, and his family home was ransacked.

26        In the days and weeks after the arrest and search, Mr. Ferreira-Dias's attorney collected a

27  large amount of exculpatory evidence.  Based on this evidence, the D.A.'s Office did not proceed

28  with an arraignment.  Mr. Ferreira-Dias was later able to obtain a declaration of factual innocence

pursuant to California Penal Code § 851.8(a).

Based on the above and other allegations, Plaintiffs have asserted the following causes of action:

    (1) Fabrication of evidence in violation of 42 U.S.C. § 1983.

    (2) False arrest in violation of § 1983.

    (3) Denial of meaningful access to the courts in violation of § 1983.

    (4) Unreasonable search in violation of § 1983.

    (5) Malicious prosecution in violation of § 1983.

    (6) Unreasonable taking and withholding of property in violation of § 1983.

    (7) Denial of familial association in violation of § 1983.

In the present motion, Plaintiffs seek to file an amended complaint. The substantive changes proposed by Plaintiffs are as follows: (1) Plaintiffs wish to add four individual defendants, *i.e.*, Sgt. Decious, Det. Thomas, Det. Diaz, and Det. Ramos (in the original complaint, Plaintiffs named Doe Defendants), and (2) Plaintiffs wish to modify the fourth cause of action (and factual allegations in support) to allege a warrantless search.

## II. DISCUSSION

Federal Rule of Civil Procedure 15 governs amendment of pleadings. It provides that a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Factors that a court considers in determining whether to give leave to amend include "undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility. Of [these] factors, prejudice to the opposing party carries the most weight." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020).

In the instant case, Defendants oppose amendment on the basis of futility and prejudice. Neither argument is persuasive.

As to futility, Defendants argue that it does not make any sense to add the four additional police officers (one of whom no longer works for the Richmond police) because, even if Sgt.

3

1  Castillo failed to procure a search warrant as claimed by Plaintiffs,[1] the four officers were entitled
2  to rely on the representation made to them that a search warrant had been obtained – or at least
3  they would have the benefit qualified immunity.  But, as Plaintiffs points out in their reply brief,
4  they have alleged in their proposed amended complaint, that Sgt. Castillo (along with Sgt. Llamas)
5  executed the arrest warrant at Mr. Ferreira-Dias's place of work while the other four police
6  officers went to search the family home without a warrant.  *See* Prop. FAC ¶ 79.  If the four
7  officers searched the family home without a warrant in hand, they could be held liable and might
8  not be protected by qualified immunity.  *Cf. Groh v. Ramirez*, 540 U.S. 551, 563 (2004) ("It is
9  incumbent on the officer executing a search warrant to ensure the search is lawfully authorized
10 and lawfully conducted.  Because petitioner did not have in his possession a warrant particularly
11 describing the things he intended to seize, proceeding with the search was clearly 'unreasonable'
12 under the Fourth Amendment.").

13       As to prejudice, Defendants argue that, if amendment is allowed, more work will need to
14 be done – *e.g.*, a determination will need to be made as to whether the four officers need counsel,
15 there will need to be an investigation into each officer's conduct, more discovery will need to be
16 taken, and more motion practice is likely (which will add to defense costs).  But this is not the
17 kind of prejudice that Rule 15 contemplates.  The question is whether this work can be done
18 within the case management schedule set by the Court, and Defendants have not argued that this is
19 not possible.  Nor does it appear, as a facial matter, that the work cannot be completed within that
20 schedule, particularly because the search was already within the parameters of the original
21 complaint and, if anything, it will be Plaintiffs that need to take more discovery rather than any
22 defendant.  To the extent Defendants argue that they have litigated the case and made strategic
23 decisions based on the original complaint as pled, that is true in any given case.  Defendants
24 cannot rest on that conclusory assertion but rather must show with some specificity how the
25 proposed amendment would be prejudicial.  They have failed to do so.

---

[1] Defendants dispute that the search of the Ferreira-Dias home was actually warrantless.  They assert that they just have not been able to locate a signed copy of the warrant.  *See* Opp'n at 3.

4

### III. CONCLUSION

Accordingly, Plaintiffs' motion to amend is granted. Plaintiffs shall immediately file the first amended complaint attached to their motion (Docket No. 47-2).

This order disposes of Docket No. 47.

**IT IS SO ORDERED**.

Dated: April 18, 2022

_____
EDWARD M. CHEN
United States District Judge